UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>         Plaintiff,<br><br>    v.<br><br>STAINER, et al.,<br><br>         Defendants. | No.  1:16-cv-00589 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Elvis Venable ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 26, 2016.  Plaintiff names M.D. Stainer, Kern Valley State Prison ("KVSP") Warden Biter, Kern Medical Center Dr. Busch, KVSP CEO M. Hutchinson and KVSP Dr. Woods as Defendants.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff is currently incarcerated at KVSP.

Plaintiff alleges that on March 5, 2014, he was assaulted by two inmates and suffered a broken jaw. He was admitted to Kern Medical Center for an intermaxillary fixation. After the period of recovery suggested by Defendant Busch, Defendant Busch performed a procedure to remove the fixation wiring on April 30, 2014. During the procedure, Defendant Busch broke several of Plaintiff's teeth.

Plaintiff brought the issue to the attention of KVSP medical staff. Defendant Woods attempted to repair the broken teeth, but placed fillings that were not completely on Plaintiff's teeth. This led to debris in Plaintiff's mouth and an increase in severe pain from the jaw fracture. It was later discovered that the fracture was not fully healed when the wiring was removed. The "sub-par" treatment caused the fillings to have to be redone in thirty days, which resulted in an increase in Plaintiff's pain. ECF No. 1, at 6.

The dental surgeon at KVSP noted the "unattended fracture" and indicated that Defendant Busch should not have removed the wiring. ECF No. 1, at 4. After Plaintiff told Defendant Busch of the diagnosis made by the KVSP specialist, Defendant Busch said, "If KVSP staff believe your jaw is still broken, they should fix it themselves." ECF No. 1, at 4.

Plaintiff used the prison grievance system to resolve his jaw issue. However, during the process, CDCR suggested that because Plaintiff missed an appointment when he was ill, he caused the deficiencies in the fixation process. Plaintiff contends that he was not responsible for the removal of the fixation wiring, or the fact that one area of his jaw was not fully healed when the wiring was removed.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment. He contends that Defendants failed to perform a required procedure that was needed to correct the fracture of which they were aware. Defendants were aware of the need to have two fractures repaired, yet only one of the necessary repairs was made. He contends that when Defendants discovered that one of the repairs was not made, the issue was further worsened by Defendant Busch when he took the wrong actions to correct the problem.

Plaintiff contends that the corrective actions by Defendant Woods caused more pain.

Plaintiff alleges that Defendants Biter, Stainer and Hutchinson "have all either had direct communication with Plaintiff during the appeals process, and have failed to adequately acquire adequate treatment providers, failed to assure that the treatment providers . . .were properly trained and had not (in any previous employment) been accused/alleged to have given treatment that was subject to civil complaints." ECF No. 1, at 7.

**C.     DISCUSSION**

      1.     <u>Eighth Amendment</u>

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Here, Plaintiff contends that he received "sub-par" treatment from Defendants Busch and Woods. However, an Eighth Amendment claim may not be premised on even gross negligence by a physician, <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990), and Plaintiff's claims do not demonstrate that any Defendant acted with the requisite state of mind, i.e., that they "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837.

For example, Plaintiff alleges that Defendant Busch broke his teeth while removing the wire at Kern Valley Medical Center, took out the wire too soon, and then told Plaintiff that if KVSP staff believed that his jaw was still broken, they should fix it. While he may have broken Plaintiff's teeth or removed the wire too soon, there is no indication that he undertook these actions with deliberate indifference. Insofar as Defendant Busch told Plaintiff that KVSP should

treat his jaw if they felt it required further treatment, instructing Plaintiff to seek treatment from his place of incarceration is not disregarding an excessive risk to his health or safety.

Similarly, Plaintiff fails to demonstrate that Defendant Woods, who attempted to fix his broken teeth, performed the procedure with deliberate indifference.  The fact that Defendant Woods may have erred in some respect, alone, does not rise to the level of an Eighth Amendment violation.  Again, even gross negligence is insufficient to state a claim for deliberate indifference to a serious medical need.

Plaintiff also alleges that Defendants were aware of the need to have two fractures repaired, yet only one of the necessary repairs was made.  He does not, however, connect any specific Defendant to this omission, nor does ne provide enough facts to show that the failure to treat was done with deliberate indifference.

Plaintiff therefore fails to state a claim under the Eighth Amendment.

2.      Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

Plaintiff suggests that Defendants Biter, Stainer and Hutchinson "have all either had direct communication with Plaintiff during the appeals process, and have failed to adequately acquire adequate treatment providers, failed to assure that the treatment providers . . .were properly trained and had not (in any previous employment) been accused/alleged to have given treatment that was subject to civil complaints." ECF No. 1, at 7.  He does not, however, sufficiently

connect any of these supervisory Defendants to an alleged violation to demonstrate *personal* involvement. Plaintiff suggests that they failed to ensure adequate treatment providers, but he does not connect this alleged failure to his alleged deprivation.

Plaintiff states that they were aware of his treatment issues through the appeals. As a general matter, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett, 439 at 1098, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here.

Plaintiff alleges that there was a factual discrepancy during the appeals process, but he is not entitled to any specific outcome. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Further, Plaintiff has not stated a viable claim against Defendants Busch or Woods for denying him medical care. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff therefore fails to state a claim against Defendants Biter, Stainer and Hutchinson based on supervisory liability.

### 3. Medical Malpratice

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted).

To the extent that Plaintiff seeks to pursue tort claims under California law, the Government Claims Act requires exhaustion of those claims with the California Victim

1  Compensation and Government Claims Board, and Plaintiff is required to specifically allege
2  compliance in his complaint.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal.
3  2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe
4  v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold
5  v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los
6  Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  He has not done so.

7  Although Plaintiff may ultimately be able to state a medical malpractice claim against
8  Defendants Busch and Woods, he must allege compliance with the Government Claims Act.
9  Plaintiff is informed that if he fails to allege a viable federal claim in his amended complaint, the
10 Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the
11 deficiencies and states a claim.  28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d
12 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805
13 (9th Cir. 2001).

14 **D.     ORDER**

15 Plaintiff's complaint fails to state a cognizable claim against any Defendant.  He has not
16 previously been provided with notice of the deficiencies in his claims and the Court will provide
17 Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can
18 cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez,
19 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff
20 amends, he may not change the nature of this suit by adding new, unrelated claims in his amended
21 complaint.  George, 507 F.3d at 607.

22 If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under
23 section 1983, it must state what each named Defendant did that led to the deprivation of
24 Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under
25 the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.
26 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
27 above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).
28 ///

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order,
3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **June 17, 2016**                        /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE