UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>            Plaintiff,<br><br>    vs.<br><br>STAINER, et al.,<br><br>            Defendants. | 1:16-cv-00589-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 21.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Elvis Venable ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 26, 2016. (ECF No. 1.) The court screened the Complaint and issued an order on June 17, 2016, dismissing the Complaint for failure to state a claim with leave to amend. (ECF No. 7.) After being granted multiple extensions of time, on May 1, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 25.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, where the events at issue in the First Amended Complaint allegedly occurred when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants M.D. Stainer, Martin Biter (KVSP Warden), Michael Hutchinson (Chief Executive Officer), Dr. Richard F. Busch, Dr. Woods, and KVSP (collectively, "Defendants").

Plaintiff's allegations in the First Amended Complaint are largely the same as in his original Complaint. Plaintiff alleges that on March 5, 2014, he was assaulted by two inmates and suffered a broken jaw. He was admitted to Kern Medical Center for an intermaxillary fixation. After a period of recovery suggested by defendant Dr. Busch, defendant Busch performed a procedure to remove the fixation wiring on April 30, 2014. During the procedure defendant Busch broke several of Plaintiff's teeth.

Plaintiff brought the issue to the attention of KVSP medical staff. Defendant Woods attempted to repair the broken teeth, but placed fillings that were not completely on Plaintiff's teeth. This led to debris in Plaintiff's mouth and an increase in severe pain from the jaw fracture. It was later discovered that the fracture was not fully healed when the wiring was removed. The "sub-par" treatment caused the fillings to have to be redone in thirty days, which resulted in an increase in Plaintiff's pain. (ECF No. 25 at 2.)

The dental surgeon at KVSP noted the "unattended fracture" and indicated that defendant Busch should not have removed the wiring. (ECF No. 25 at 3.) After Plaintiff told defendant Busch of the diagnosis made by the KVSP specialist, defendant Busch said, "If KVSP staff believe your jaw is still broken, they should fix it themselves." (ECF No. 25 at 3.)

Plaintiff used the prison grievance system to resolve his jaw issue. However during the process, CDCR suggested that because Plaintiff missed an appointment when he was ill, he caused the deficiencies in the fixation process. Plaintiff contends that he was not responsible for the removal of the fixation wiring, or the fact that one area of his jaw was not fully healed when the wiring was removed.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment. He contends that Defendants failed to perform a required procedure that was needed to correct the fracture of which they were aware. That Defendants were aware of the need to have two fractures repaired yet only one of the necessary repairs was made. Plaintiff contends that when Defendants discovered that one of the repairs was not made the issue was further worsened by defendant Busch when he took the wrong actions to correct the problem.

Plaintiff contends that the corrective actions by Defendant Woods caused more pain. Plaintiff alleges that defendant Biter is responsible as supervisor of his subordinates who fail to carry out proper medical operations of prisoners. Plaintiff alleges that defendants, Stainer and Hutchinson reviewed Plaintiff's administrative appeals and all of the Defendants failed to take corrective medical attention leaving Plaintiff in severe pain and suffering for more than three years. Plaintiff alleges that defendants Biter, Stainer, and Hutchison are all liable under municipal liability under § 1983 for failing to adequately train medical personnel.

Plaintiff seeks monetary damages.

**IV.     PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Preschooler v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right,

"within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Prior Screening Order

In the prior screening order of June 17, 2016, the court found that Plaintiff failed to state a cognizable claim in the original Complaint against any Defendant. In screening the First Amended Complaint, the court reaches the same conclusion, as discussed in the following paragraphs.

### B. Defendant KVSP – Eleventh Amendment Immunity

Plaintiff seeks to hold Kern Valley State Prison (KVSP) liable for failing to provide him with adequate medical care, in violation of the Eighth Amendment.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684 (1993); Tennessee v. Lane, 541 U.S. 509, 517 (2004). The Eleventh Amendment also bars suits against a state's agencies. See Puerto Rico Aqueduct, 506 U.S. at 144; Brooks, 951 F.2d at 1053; Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005). Thus, the CDCR is entitled to Eleventh Amendment immunity. In addition, California prisons are entitled to Eleventh Amendment immunity. Lopez v. Wasco State Prison, 2008 WL 5381696,

at *4 (E.D. Cal. Dec. 22, 2008) (citing Keel v. California Dept. of Corrections and Rehabilation, 2006 WL 1523121, *2 (E.D. Cal. 2006)). Thus, defendant KVSP is entitled to Eleventh Amendment immunity and must be dismissed.

Therefore, Plaintiff fails to state a claim against KVSP.

### C. **Municipal Liability**

Plaintiff seeks to hold defendants Biter, Stainer, and Hutchinson liable under municipal liability under § 1983 for failing to adequately train medical personnel about providing medical assistance beyond emergency first-aid treatment.

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

A municipality may be held liable under § 1983 only where an action pursuant to official municipal policy of some nature causes a constitutional tort. 42 U.S.C.A. § 1983. Harper, 533 F.3d at 1010. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

To state a claim against a municipality, Plaintiff must show that (1) the municipality acted under color of state law, and (2) if a constitutional violation occurred, the violation was

caused by an official policy or custom of the municipality. <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1139 (9th Cir. 2012) (citing <u>see</u> <u>Harper</u>, 533 F.3d at 1024).

Here, Plaintiff has not named any municipality he seeks to hold liable under § 1983, nor has he alleged that an official policy or custom of a municipality caused a constitutional violation against him. Therefore, Plaintiff fails to state a claim against any of the Defendants under municipal liability.

### D. **Eighth Amendment Medical Claim**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Here, Plaintiff contends that he received "sub-par" treatment from Defendants Busch and Woods. However, an Eighth Amendment claim may not be premised on even gross negligence by a physician, <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990), and Plaintiff's claims do not demonstrate that any Defendant acted with the requisite state of mind, i.e., that they "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

///

For example, Plaintiff alleges that defendant Busch broke his teeth while removing the wire at Kern Valley Medical Center, took out the wire too soon and then told Plaintiff that if KVSP staff believed that his jaw was still broken they should fix it. While he may have broken Plaintiff's teeth or removed the wire too soon, there is no indication that he undertook these actions with deliberate indifference. Insofar as defendant Busch told Plaintiff that KVSP should treat his jaw if they felt it required further treatment, instructing Plaintiff to seek treatment from his place of incarceration, is not disregarding an excessive risk to his health or safety. Similarly, Plaintiff fails to demonstrate that defendant Woods, who attempted to fix his broken teeth, performed the procedure with deliberate indifference. The fact that defendant Woods may have erred in some respect, alone, does not rise to the level of an Eighth Amendment violation. Again, even gross negligence is insufficient to state a claim for deliberate indifference to a serious medical need.

Plaintiff also alleges that Defendants were aware of the need to have two fractures repaired, yet only one of the necessary repairs was made. He does not, however, connect any specific Defendant to this omission, nor does he provide enough facts to show that the failure to treat was done with deliberate indifference.

Plaintiff therefore fails to state a claim under the Eighth Amendment.

### E. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915- 16 (9th Cir. 2012) (*en banc*). Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

///

Plaintiff suggests that defendants Biter, Stainer, and Hutchinson improperly reviewed Plaintiff's appeal and medical complaints. As a general matter, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett, 439 at 1098, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here. Plaintiff alleges that there was a factual discrepancy during the appeals process, but he is not entitled to any specific outcome. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff also suggests that defendants Biter, Stainer, and Hutchinson failed to ensure adequate treatment providers, but he does not connect this alleged failure to his alleged deprivation. Plaintiff states that they were aware of his treatment issues through the appeals. Further, Plaintiff has not stated a viable claim against defendants Busch or Woods for denying him medical care. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care. Plaintiff therefore fails to state a claim against Defendants Biter, Stainer and Hutchinson based on supervisory liability.

### F. Medical Malpractice

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted). To the extent that Plaintiff seeks to pursue tort claims under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and

Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). He has not done so.

Moreover, because Plaintiff fails to allege a viable federal claim in the First Amended Complaint, the court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

10

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **March 15, 2018**             **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE